IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:10–CV–00126–BO

| | |
|---|---|
| EDDIE DEWAYNE FLYTHE,<br>    Plaintiff, | )<br>)<br>) |
| vs. | )    **O R D E R** <br>) |
| MARTY DAVIS, WILLIAM LIVERMAN,<br>ROBERT BLOW, CHESTER RIDLEY,<br>RICHARD TANN, and JOHN DOES 1-4,<br>Deputy Sheriffs of the Hertford County<br>Sheriff's Office, in their individual capacities;<br>JUAN VAUGHAN, SR., Sheriff of Hertford<br>County, in his official and individual capacities;<br>THE OHIO CASUALTY INSURANCE<br>COMPANY, as surety; SOUTHERN HEALTH<br>PARTNERS, INC.; and JANE DOES 1-5;<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Before the Court is a Motion to Dismiss [DE 21] pursuant to Federal Rule of Civil Procedure 12(b)(6), filed by Defendants Marty Davis, William Liverman, Robert Blow, Chester Ridley, Richard Tann, Juan Vaughan Sr., and Ohio Casualty Insurance Company. As set forth below, the Motion is GRANTED IN PART and DENIED IN PART.

I. BACKGROUND

Plaintiff filed his Complaint on September 15, 2010, and, before the Defendants answered, filed an Amended Complaint on November 18, 2010. Plaintiff alleges violations of his rights stemming from his arrest by Hertford County Sheriff's deputies in September, 2007 and during his subsequent incarceration in the Hertford County Jail. Plaintiff asserts claims under state law, Am. Compl. ¶¶ 92-176, and under federal law by way of 42 U.S.C. § 1983, Am. Compl. ¶¶ 177-237.

The moving Defendants have filed an Answer and a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), to which the Plaintiff has responded in opposition. In this posture, the Motion is ripe for adjudication.

## II. DISCUSSION

### A. The Legal Standards

A Rule 12(b)(6) motion to dismiss for failure to state a claim for which relief can be granted challenges the legal sufficiency of a plaintiff's complaint. *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). When ruling on the motion, the court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). Although complete and detailed factual allegations are not required, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." *Twombly*, 550 U.S. at 555 (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, ___ U.S. ___, ___, 129 S.Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555).

### B. Defendants' Motion To Dismiss

The Plaintiff was arrested on September 15, 2007 by Hertford County Sheriff's deputies and taken to the Hertford County Jail. Am. Compl. ¶¶ 24-44. Plaintiff alleges, *inter alia*, that while at the jail, the Defendants failed to provide him with medical care. Am. Compl. ¶¶ 54-80. In moving to dismiss the Plaintiff's state law claims, Defendants contend that Counts Eight and Nine, alleging negligence and gross negligence, are in fact medical malpractice claims that require a special pre-filing certification pursuant to Rule 9(j) of the North Carolina Rules of Civil Procedure. Because the

2

Rule 9(j) certification is lacking, Defendants contend, *all* of Plaintiff's state law claims must be dismissed. The Court disagrees.

1. <u>North Carolina Rule of Civil Procedure 9(j) And The *Erie* Doctrine</u>

Defendants' Motion requires the Court to confront a conflict between federal and state law and to determine whether and to what extent North Carolina's medical malpractice pleading rules must be enforced by a federal court sitting in diversity. Federal courts sitting in diversity or exercising supplemental jurisdiction apply state substantive law and federal procedural law. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). As the Supreme Court has observed, however, "[t]he line between 'substance' and 'procedure' shifts as the legal context changes. 'Each implies different variables depending upon the particular problem for which it is used.' " *Hanna v. Plumer*, 380 U.S. 460, 471 (1965) (quoting *Guaranty Trust Co. of New York v. York*, 326 U.S. 99 (1945)).

In *Hanna*, the Supreme Court announced a bifurcated test to evaluate state law under the *Erie* doctrine. First, federal courts should "apply the federal rules of civil procedure to the exclusion of any contrary state procedure as long as the rule is both constitutional and within the scope of the rules' enabling act." *Ferrero v. Associated Materials Inc.*, 923 F.2d 1441, 1448 (11th Cir.1991) (citing *Hanna* ). If, however, there is no federal rule directly on point, the court should consider the twin aims of *Erie* in deciding which law to apply. In this case, the second prong of *Hanna* applies and mandates application of Rule 9(j) to Plaintiff's state law medical malpractice claims.

    a. <u>North Carolina Rule of Civil Procedure 9(j) Is a Substantive Law for *Erie* Purposes</u>

In federal courts, Rule 8 of the Federal Rules of Civil Procedure creates the general pleading standard for claims. *See Iqbal*, 129 S. Ct. at 1953–54. Rule 8 provides that a claim must contain:

3

(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a). The federal rules have no special pleading requirements for medical malpractice cases.

In North Carolina state courts, on the other hand, a complaint that includes claims for medical malpractice is governed by North Carolina Rule of Civil Procedure 9(j). The stringent North Carolina rule provides that complaints alleging medical malpractice *must* be dismissed unless:

(1) The pleading specifically asserts that the medical care has been reviewed by a person who is reasonably expected to qualify as an expert witness under Rule 702 of the Rules of Evidence and who is willing to testify that the medical care did not comply with the applicable standard of care;

(2) The pleading specifically asserts that the medical care has been reviewed by a person that the complainant will seek to have qualified as an expert witness by motion under Rule 702(e) of the Rules of Evidence and who is willing to testify that the medical care did not comply with the applicable standard of care, and the motion is filed with the complaint; or

(3) The pleading alleges facts establishing negligence under the existing common-law doctrine of res ipsa loquitur.

N.C. R. Civ. P. 9(j).

Were N.C. R. Civ. P. 9(j) applied as a rule of *procedure* in federal court, it would directly conflict with the federal pleading rules by requiring a more demanding pleading standard. In practice, however, federal courts in North Carolina have generally characterized and applied Rule 9(j) as a *substantive* element of a medical malpractice claim, rather than as a *procedural* requirement. *See, e.g., Moore v. Pitt County Memorial Hosp.*, 139 F. Supp. 2d. 712, 713 (E.D.N.C. 2001). The Court

4

agrees with these courts, and finds that Rule 9(j) is a substantive law for *Erie* purposes.

Although Rule 9(j)'s substantive provisions apply in this case, their application is narrow. The rule only works a dismissal of those state law claims which actually allege medical malpractice. *Cf. Gregory v. Schatzman*, 1:08-CV-497, p. 4-5, dkt. 23 (M.D.N.C. Dec. 8, 2009) (partially granting motion to dismiss with respect to medical malpractice claim for failure to comply with Rule 9(j)'s certification requirement, but denying with respect to breach of contract, negligence, and federal claims). Of course, any non-medical malpractice state law claims in a diversity action are governed by the federal rules of civil procedure, which contain no special certification requirement analogous to Rule 9(j).

Accordingly, the Court finds that N.C. R. Civ. P. 9(j) applies in this case as a substantive aspect of North Carolina law. But the rule's dismissal remedies, under the principles announced in *Erie* and its progeny, extend only to the medical malpractice claims themselves. Thus, the next task before the Court is to determine which of Plaintiff's claims sound in medical malpractice. Once identified, the medical malpractice claims will be dismissed under Fed. R. Civ. P. 12(b)(6) for lack of proper certification.

b. Plaintiff's Medical Malpractice Claims Under North Carolina Law

In North Carolina, a claim that arises out of clinical care provided by a medical provider to the patient sounds in medical malpractice, but a claim that arises out of policy, management, or administrative decisions sounds in ordinary negligence. *Estate of Waters v. Jarman*, 144 N.C. App. 98, 103 (N.C. Ct. App. 2001).

Here, Count Eight alleges that Defendants Vaughn and Southern Health Partners, Inc., through their agents, "breached their duty to [Plaintiff] by refusing his requests for medical attention

5

when they knew he had serious medical needs." Am. Compl. ¶ 155. Count Eight further alleges "that [Defendants'] refusal of medical attention created an unjustifiably high risk of serious injury and needless suffering." *Id.* Because Count Eight alleges injuries arising from the clinical care provided by the Defendants to the Plaintiff, this Count sounds in medical malpractice and is subject to dismissal since the claim has not been certified under Rule 9(j).

Count Nine alleges a number of claims, including that:

(1) Sheriff Vaughan, in his official capacity, was negligent in failing to properly supervise, hire, retain, manage, train and control his deputies,

(2) that Plaintiff's Inmate Sick Call Slips ("ISCS's") were never delivered to the medical staff by the Sheriff's deputies, and

(3) that Plaintiff's requests for medical treatment were refused.

Am. Compl. ¶¶ 161-62, 164, and 164 (c).

The failure of the deputies to deliver ISCS's to the medical staff is an administrative process failure allegedly resulting from Sheriff Vaughan's failure to properly supervise, hire, retain, manage, train, and control his deputies. These particular claims contained in Count Nine sound in simple negligence, and are not subject to Rule 9(j)'s mandate. They are properly before this Court under the Federal Rules of Civil Procedure.

Count Nine's claim involving the refusal of the medical staff to provide him with needed medical attention, on the other hand, undoubtedly sounds in medical malpractice. Because that claim has not been properly certified as required under North Carolina law, it is subject to dismissal.

Thus, the Court finds that Count Eight, in its entirety, and parts of Count Nine are subject to dismissal because the referenced claims allege medical malpractice under North Carolina state law yet they lack the proper certification under N.C. R. Civ. P. 9(j). Because the failure to comply with

Rule 9(j) is grounds for dismissal of a medical malpractice claim, *Moore v. Pitt County Mem'l Hosp.*, 139 F. Supp. 2d. 712, 713 (E.D.N.C. 2001), the Court grants the Motion to Dismiss in part and dismisses the claims to the extent medical malpractice is alleged.

### III. CONCLUSION

Based on the foregoing, Defendant's Motion to Dismiss [DE 21] is GRANTED IN PART and DENIED IN PART. Count Eight and that portion of Count Nine alleging medical malpractice are hereby DISMISSED. The Motion to Dismiss is DENIED as to all other Counts and claims.

DONE AND ORDERED, in chambers, this _11_ day of May, 2011.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE